USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 2, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                            :

UNITED STATES OF AMERICA          :

                       -v.-                       :

ALBERT BALDEO,                   :

                Defendant.   :
------------------------------------------------------X

OPINION & ORDER

1: (S1) 13 Cr. 125 (PAC)

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government charges Defendant Albert Baldeo ("Baldeo" or "Defendant") with scheming to defraud the City of New York to obtain public campaign matching funds. The Government alleges that Baldeo provided money orders or cash to individuals ("Straw Donors") whom he asked to make campaign contributions in their own names to his campaign for New York City Council, in violation of the New York City Campaign Finance Act. Specifically, the Government charges Baldeo with: conspiracy to commit mail and wire fraud; mail fraud; and attempted wire fraud. The Government also charges Baldeo with a conspiracy to obstruct justice and multiple counts of obstruction of justice for asking certain Straw Donors to not cooperate with, and to provide false information to, agents of the Federal Bureau of Investigation ("FBI") who were investigating contributions to the Baldeo campaign.

## BACKGROUND

### A. The Indictment and Superseding Indictment

The first indictment, filed on February 12, 2013, had four counts. Count One charged Baldeo with conspiracy to commit mail fraud, from about September 2010 to December 2010, in order to obtain public campaign matching funds for his campaign for City Council in the fall of 2010. The Government alleges that Baldeo gave Straw Donors campaign contribution cards with

1

instructions to fill in their names, addresses, employment information, and the amount of money donated to the campaign, and then to sign the contribution cards, falsely affirming that the contributions were made from their own personal funds. The cards were submitted to the Campaign Finance Board to obtain matching public funds. Count Two charges Baldeo with mail fraud for perpetrating this scheme.

Count Three of the first Indictment charged Baldeo with conspiracy to obstruct justice, from about January to August, 2011, for his role in tampering with various witnesses who were being contacted by the FBI in connection with the FBI's investigation into Baldeo's alleged Straw Donor fraud. Count Four of the first Indictment charged Baldeo with a substantive count of obstruction of justice.

On July 22, 2013, the Government filed a Superseding Indictment. The Superseding Indictment added a wire fraud object to the conspiracy originally charged in Count One, and added, as a new Count Three, a charge of attempted wire fraud. The Superseding Indictment realleged the conspiracy to obstruct justice charge in Count Four, and broke up the original Count Four into six separate substantive counts of obstruction of justice (Counts Five and Ten).

**B. Defendant's Motions**

Prior to the Government filing its Superseding Indictment, Baldeo moved (1) to dismiss the mail fraud charges in Counts One and Two of the first Indictment on the grounds that they are legally insufficient to allege a crime; (2) to strike those allegations in Counts Three and Four that rely on an obstruction theory of "corrupt persuasion"; (3) to dismiss Counts Three and Four for lack of venue; (4) to dismiss Count Four on the basis of facial duplicity; (5) for a bill of particulars; (6) for an order requiring the Government to disclose *Brady* materials; (7) to dismiss

the forfeiture allegations in the first Indictment; and (8) granting any other relief the court deems just and proper.

Upon filing of the Superseding Indictment in July, 2013, Baldeo renewed his original motions where appropriate, and added the following new motions: (9) to dismiss the wire fraud object contained in Count One and the attempted wire fraud charge of Count Three for lack of federal jurisdiction; (10) to dismiss Count Three—attempted wire fraud—because it fails to allege a prosecutable offense; (11) to dismiss Count Seven on the grounds that it is multiplicitous with Count Five; and (12) to dismiss all of the obstruction of justice counts (Counts Five through Ten) for lack of venue.

At oral argument on Friday, September 27, 2013, Baldeo conceded the sufficiency of Count Four (conspiracy to obstruct justice) and Count Six (obstruction of justice via instruction to "Individual 3"). Defendant's motion to dismiss the forfeiture allegations in the first Indictment is now moot because the Superseding Indictment contains no forfeiture allegations. For the reasons stated below, the Court denies all of Baldeo's motions.

## DISCUSSION

### A. Counts One and Two (Mail and Wire Fraud Conspiracy; Mail Fraud): Failure to Allege a Crime

Defendant urges dismissal of Counts One and Two because the money order contributions by alleged Straw Donors did not qualify as a matter of law for public matching funds under the New York City Campaign Finance Act, since the money orders were in excess of $100. Accordingly the alleged misconduct could not have resulted in Baldeo obtaining property from New York City.

First of all, success is not an element of a mail or wire fraud conspiracy, nor is success required to prove the substantive count of mail fraud. While the Government must prove the

3

existence of a scheme or artifice to defraud, "the government is not required to prove that an intended victim was *actually* defrauded to establish a violation by the defendant[]." United States v. Starr, 816 F.2d 94, 98 (1987)(emphasis added); see, e.g., United States v. Corsey, 723 F.3d 366, 374 (2d. Cir. 2013) (finding that defendant's misrepresentations were material regardless of whether they were actually believed or should have been believed by the defrauded party).[1]

Second, Baldeo's argument is incorrect. Under the New York City Campaign Finance Act, the Campaign Finance Board matches the first $100 of a money order, even if the money order is for an amount greater than $100. See Gov. Opp. Memo, Ex. E: 2009 Campaign Finance Handbook at 17 ("Your campaign is allowed to take money order contributions up to the contribution limit. However, only the first $100 of a money order contribution will be matched with public funds.").

Finally, Defendant cannot challenge an indictment on the grounds of insufficiency of evidence. See United States v. Bout, No. 08 Cr. 365, 2011 WL 2693720, at *5 n.73 (S.D.N.Y. July 11, 2011) ("To the extent [the defendant's] challenges are to the sufficiency of the Government's evidence to *satisfy*—as opposed to the sufficiency of the Indictment to *allege*— the 'federal elements' of the crimes charged, those arguments are 'not appropriately decided on a motion to dismiss.'" (emphasis in original)(quoting United States v. Alfonso, 143 F.3d 772, 773 (2d Cir. 1998)), aff'd, 2013 WL 5381713 (2nd Cir. 2013).

---

[1] The Court's reasoning in United States v. Helmsley, 941 F.2d 71 (1994) is consistent with this proposition. In Helmsley the Court held that Mrs. Helmsley could still be convicted of tax fraud even if she owed no taxes and the state could therefore not be deprived of money. Helmsley, 941 F.2d at 94 ("Thus, if Mrs. Helmsley used the mails in a effort to defraud New York State of tax dollars owed to it, even if in the end she owed no taxes, the requisite elements of Section 1341 have been met."). The essence of the fraudulent scheme that the Government alleges in this case is that Baldeo provided funds to donors so that they could falsely certify that funds they provided to Baldeo's campaign belonged to them; the certificates were then sent to the Campaign Finance Board to obtain matching funds.

4

The Court denies Defendant's motions to dismiss Counts One and Two for failure to allege a crime. With regard to Defendant's motion to dismiss the wire fraud object of the conspiracy, that motion is denied as well (see discussion of Count Three below).

### B. Count Three (Attempted Wire Fraud)

#### 1. Lack of Federal Jurisdiction

Defendant moves to dismiss the wire fraud object in Count One and the attempted wire fraud charge of Count Three for lack of federal jurisdiction because use of an interstate wire is the sole basis for federal wire fraud jurisdiction, and that use is not alleged to have occurred. The argument is rejected.

To allege a crime, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008)(internal quotation marks omitted). The Superseding Indictment does this.

Defendant's argument that this Court does not have jurisdiction for a charge of attempted wire fraud because Baldeo never actually used an interstate wire is without merit. 18 U.S.C. § 1349 criminalizes attempted wire fraud.[2] Here the indictment charges that Baldeo attempted to obtain campaign matching funds through the use of interstate bank wires. Federal courts are not deprived of jurisdiction to hear charges of an attempted federal crime on the basis that Defendant did not complete the crime he attempted.

---

[2] See, e.g., United States v. Xing Wu Pan & Jia Hou, 12 Cr. 153 (RJS) (Sullivan, R. Order filed 9/10/13) (denying a motion to set aside the verdict of Defendant Xing Wu Pan on federal charges of conspiracy to commit wire fraud and attempted wire fraud under 18 U.S.C. § 1349 and 1343, respectively).

### 2. No Prosecutable Offense for Attempted Wire Fraud

Defendant also moves to dismiss Count Three by arguing that the federal wire fraud statute does not permit prosecution for an attempt to transmit a wire. This convoluted argument is based on a misreading of the statute. While the wire fraud statute, 18 U.S.C. § 1343, does not use the word "attempt," the attempt crime is set forth in 18 U.S.C. § 1349 and provides: "Any person who *attempts* or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the *attempt* or conspiracy" (emphasis added). The phrase "under this chapter" (Chapter 63: Mail Fraud and Other Fraud Offenses) includes § 1343. Defendant's argument that § 1343 only establishes a "penalty" for the other attempt crimes mentioned elsewhere in the Chapter is incorrect. The Section itself is titled "Attempt and Conspiracy," not "Penalties." Moreover, even those other sections of the Chapter that specifically mention an attempt crime for the offense do not mention conspiracy; hence, this Court's interpretation does not render § 1349 superfluous and instead comports with its plain meaning.

To the extent that Defendant reasserts its arguments that money orders above $100 are not subject to matching as a reason that Defendant could not have attempted to commit wire fraud, that argument has already been rejected. In sum, Defendant's argument misinterprets matching under the New York City Campaign Finance Act, and incorrectly describes the criminal conduct of which Baldeo is charged: submitting contributor's certificates *and* seeking matching funds from the Campaign Finance Board.

The Court denies Defendant's motion to dismiss Count Three for failing to allege a prosecutable offense.

C. **Counts Five and Seven Through Ten**[3] **(Obstruction of Justice)**

   1. **Motion to Strike Legally Insufficient Allegations**

Baldeo moves to strike the Government's allegations that he instructed certain alleged Straw Donors to "refuse to cooperate" with FBI Agents investigating contributions to the Baldeo campaign. Telling individuals to exercise their constitutional right not to testify, he argues, is not corrupt persuasion, and cannot be obstruction of justice as a matter of law. As such, Baldeo's conduct is not a violation of 18 U.S.C. § 1512(b)(3).

An indictment is sufficient if it (1) contains the elements of the offense charged and the defendant knows the charges against which he must defend, and (2) enables defendant to plead an acquittal to bar future prosecutions of the same offense. United States v. Hamling, 418 U.S. 87, 117 (1974). Motions to strike allegations from indictments are only granted "where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990)(internal quotation marks omitted). There is no suggestion that any of these counts are inflammatory or prejudicial. The allegations here are surely relevant to the crime charged: obstruction of justice. Baldeo's argument that the government's claim is legally insufficient does not entitle him to have the allegations struck.

Furthermore, Baldeo allegedly did more than counsel the Straw Donors; he did so to "protect" himself. This is relevant to the witness tampering statute, which provides:

   (a) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person . . . with intent to –

   (3) hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense .
   . . .

---

[3] As previously indicated, Defendant concedes the sufficiency of Counts Four and Six.

is subject to criminal penalty. 18 U.S.C. § 1512(b)(3). The Second Circuit has held that "suggesting" a witness "invoke the Fifth Amendment privilege" to "ensure that [the witness] did not implicate" the defendant in criminal conduct is an "improper purpose," which satisfies the corrupt persuasion requirement. <u>United States v. Gotti</u>, 459 F.3d 296, 343 (2d Cir. 2007).[4] Furthermore, directing a witness to refuse to cooperate, and telling the witness that she could get in trouble if she testifies, is witness intimidation. <u>See, e.g.</u>, <u>United States v. Freeman</u>, 208 F. 3d 332, 338 (1st Cir. 2000) (upholding witness tampering convictions even in the absence of specific threats based on defendant's telling a witness not to communicate with federal law enforcement about defendant's conduct). In the various counts that Defendant moves to dismiss as legally insufficient, Baldeo is charged with telling Straw Donors: not to cooperate with an investigation of Baldeo; to lie to the FBI; and that they could get in trouble if they did not act as he instructed. These allegations are sufficient to allege a crime.

Finally, Baldeo cannot move for dismissal by insisting that he lacked the requisite <u>mens rea</u> for the crime, or that he did not commit the crime. The question of whether Baldeo committed the alleged acts with the requisite mental state is for the jury to decide.

### 2. Lack of Venue

Defendant moves that Counts Five and Seven through Ten should be dismissed for improper venue because (1) the Government's bare allegation that the offense charged took place in the Southern District is insufficient to establish venue, and (2) 18 U.S.C. 1512(i) does not provide a basis for venue because it does not apply to government investigations. The Court finds that venue has been properly pled and the counts are not subject to dismissal.

---

[4] The Supreme Court's holding in <u>Arthur Andersen LLP v. United States</u>, 544 U.S. 696 (2005)—that the jury instructions in a "corrupt persuasion" conviction under 1512(b) were improper for failing to convey the element of consciousness of wrongdoing—does not preclude a finding that a defendant acts corruptly by persuading others not to testify in order to protect himself.

An indictment alleging on its face that the crimes occurred in the venue where the case is brought is sufficient to withstand a motion to dismiss. United States v. Szur, No. 97 Cr. 108, 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998). The obstruction of justice counts include either general allegations that the criminal acts occurred in the Southern District of New York, or allegations that Baldeo's conduct intended to affect investigation taking place at least in part in the Southern District of New York. Furthermore, the Government represents that it will prove other facts at trial that show that the Southern District is the proper venue, meeting the standards set forth in United States v. Peterson, 357 F. Supp. 2d 748, 752 (S.D.N.Y. 2005) (rejecting defendant's motion to dismiss where the Government alleged specific acts occurring in the Southern District of New York and the Government represented that "it will be able to prove at trial additional facts not specifically asserted in the indictment that also support the conclusion that venue is proper in this District.").

Finally, the Government has sufficiently pled venue under Section 1512(i), which permits prosecutions of witness tampering to be brought "in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred." Baldeo claims that a criminal investigation is not an "official proceeding" for purposes of 1512(i). Laying venue where an investigation is underway is proper to the extent that acts of obstruction or witness tampering "interfere[d] with the government's attempt to ferret out and prosecute wrongdoing" in that venue. United States v. Gonzalez, 922 F. 2d 1044, 1055-56 (2d Cir. 1991). The investigation at issue here also includes grand jury proceedings in the Southern District "pending or about to be instituted" with which Baldeo is alleged to have interfered.[5]

---

[5] Grand jury subpoenas were issued as early as October 2010, and United States Attorneys' Office (USAO) interviews and communications between Defendant and the USAO began as early as 2011.

The Court denies Defendant's motion to dismiss any obstruction of justice count for lack of proper venue.

### 3. Multiplicity of Counts Five and Seven

Count Five charges Defendant with obstruction of justice for instructing an individual ("Individual 1") to provide false information to the FBI concerning donations by Individual 1 and another individual ("Individual 2") to Defendant's campaign for New York City Council. Count Seven charges Defendant with obstruction of justice for instructing a different individual ("Individual 4")—Individual 1's son—that if Individual 1 spoke to the FBI about his contributions to Defendant's campaign for New York City Council, Individual 1 could get in trouble. Defendant contends that Count Seven should be dismissed as being multiplicitous with Count Five; since both threats were directed at Individual 1, there should be only one count.

Defendant's argument fails. First, the Government alleges in Count Seven that Defendant tampered with Individual 4 as well as Individual 1; the Complaint and the Government's representations of what it will prove at trial indicate that Defendant told Individual 4 not to speak to the FBI. This is sufficient to charge a crime separate from Count Five, even under Defendant's interpretation.

Second, even absent allegations that Defendant instructed Individual 4 not to speak to the FBI, the allegation is not multiplicitous because it alleges a separate offense: Count Seven alleges a separate act of corrupt persuasion,[6] aimed at a separate person (Individual 4), at a separate time, than Count Five does.

---

[6] Even if these acts of corrupt persuasion or intimidation were part of a single scheme, United States v. Olmeida, 461 F. 3d 271 (2d Cir. 2006) does not *compel* the acts to be alleged in the same count, but rather permissively states that "acts that could be charged as separate counts of an indictment *may* instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." Id. at 281 (emphasis added).

Accordingly, the Court denies Defendant's motion to dismiss Count Seven as multiplicitous with Count Five.

### D. Bill of Particulars

Baldeo is not entitled to a bill of particulars. The purpose of a bill of particulars is to furnish facts necessary to apprise a defendant of the charges against him with the specificity to allow him to (1) prepare a defense (2) avoid unfair surprise at trial, and (3) preclude second prosecution for the same offense. United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1991). Through the Complaint, Indictment, Superseding Indictment, and discovery in this case, which includes explicit identification by the Government of the Straw Donors referred to in the Superseding Indictment and Complaint, the Straw Donors' grand jury testimony, and specific references to the alleged co-conspirators (such as Baldeo's brother, a reporter who contacted ACS, and a liaison to the Campaign Finance Board), Baldeo has been provided with more than sufficient information to prepare a defense, avoid unfair surprise at trial, and prevent double jeopardy.

Accordingly, the Court denies Defendant's motion for a bill of particulars.

### E. Brady Materials

Defendant moves that the Government be compelled to provide Brady materials. The Government is aware and represents that it will carry out its Brady obligations on a continuing basis. Indeed the Government has already turned over the initial statements to the FBI by the Straw Donors—which the Government contends were false—as well as the Straw Donors' grand jury testimony.

The Court denies Defendant's motion to compel production of Brady materials.

F.  **Other Relief the Court Deems Just and Proper**

Defendant moves for the Court to grant any other relief the Court deems just and proper. Finding no such relief to be warranted, the Court denies Defendant's motion.

The Court has considered all of Defendant's other arguments. They too are without merit and are denied.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motions in their entirety.

Dated: New York, New York
      October 2, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge