USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
             -v.-                 :          OPINION AND ORDER
                                  :
ALBERT BALDEO,                    :          (S-1) 13 Cr. 125 (PAC)
                                  :
             Defendant.           :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government moves in limine for a determination on the admissibility of Defendant's campaign's failure to retain certain records, related to Defendant's 2010 campaign for City Council, as required by the New York City Campaign Finance Board.

Defendant is charged with using straw donors in order to increase the amount of City funds, more commonly known as matching funds, that Defendant's campaign could receive from the City. Access to City matching funds is limited by a number of threshold requirements, such as reaching a minimum number of contributors, and a specified number of donors from within the City Council district, where the campaign is being conducted. Further, the campaign must make periodic public disclosures and collect, monitor and preserve records which document campaign contributions.[1]

---

[1] The Campaign Finance Board promulgated the following regulations:

> Candidates must keep records that enable the Board to verify the accuracy of disclosure statements, substantiate that expenditures were made in furtherance of the campaign, were qualified expenditures, or were permissible post-election expenditures, and confirm any matchable contributions claimed. Candidates must maintain and may be required to produce originals and copies of checks, bills, or other documentation to verify contributions, expenditures, or other transactions reported in their disclosure statements. Candidates shall maintain clear and accurate records sufficient to show an audit trail that demonstrates compliance with the Act and these Rules. The records shall be made and maintained contemporaneously with the transactions recorded, and maintained and organized in a manner that facilitates expeditious review by the Board . . . . The records maintained for each campaign finance transaction, whether maintained on paper and/or electronically, shall be accurate and, if necessary, modified promptly to ensure continuing

Defendant's campaign occurred during the late summer, early fall of 2010. In December 2011, more than a year after the campaign, Defendant's campaign received a grand jury subpoena, calling for production of original campaign contributions/donation cards and original affidavits completed by individuals concerning campaign donations/contributions. Defendant's campaign advised the Government that it had no responsive documents to these requests.

The Government seeks to admit as evidence in its case in chief that Defendant's campaign failed to retain certain records, as required by law.

Defendant objects on three grounds:

(1) the proposed evidence is inadmissible hearsay, submitted for the truth of the matter asserted;

(2) the proposed evidence is not relevant to the charges made in the Superceding Indictment; and

(3) any slight probative value the proposed evidence might have is substantially outweighed by the risk of unfair prejudice.

The objections are overruled, and the Government's motion in limine is granted. The statement is not hearsay. Evidence of a party's consciousness of guilt is relevant and admissible. Here, the original records, which no longer exist, would allow for a comparison between what the campaign submitted to the New York City Campaign Finance Board and the original records, and also the original records and the campaign's claims for matching funds. The failure to retain

---

accuracy . . . If at any time a candidate becomes aware that a record of an expenditure, whether maintained on paper or electronically or both, is missing or incomplete, the candidate may create a new record or modify an existing record, provided that the record so created or modified is clearly identified by the candidate as such . . . In addition, the candidate must create a further record, in the form of a signed, dated, and notarized statement by the candidate and/or treasurer and/or other campaign representative having first-hand knowledge of the matter, explaining the reasons for and the circumstances surrounding the creation or modification of a record . . . . CFB Rule 4-01a.

records, in violation of the clear legal requirement to do so, is essentially an attempted concealment. U.S. v. Mastropieri, 685 F.2d 776, 790-91 (2d Cir. 1982). Failure to produce such records is probative of consciousness of guilt. See United States v. Sprecher, 783 F. Supp. 133, 155 (S.D.N.Y. 1992) aff'd, 988 F.2d 318 (2d Cir. 1993)("It is difficult to imagine more compelling evidence of consciousness of guilt than the elaborate efforts of [defendant] to prevent the production of the [b]ank [] records."). The proffered evidence may also be relevant to Defendant's intent to obstruct the investigation with the alleged scheme.

Defendant's objections based on Fed. R. Evid. 403 are also unfounded. The proposed evidence is neither sensational nor inflammatory. The only so-called prejudice arising from the proffer is that it is some evidence of Defendant's guilt. Nonetheless, the Court will consider an appropriate limiting instruction.

Dated: New York, New York
January 31, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3